**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Arturo LOPEZ and Edelberto Manuel Lopez, Defendants-Appellants.**

No. 80–5558.

United States Court of Appeals, Fifth Circuit.*

Unit B

Dec. 10, 1981.

H. Lee Bauman, Coconut Grove, Fla., for A. Lopez.

Raymond J. Takiff, Coconut Grove, Fla., for E. M. Lopez.

David B. Smith, Washington, D. C., for plaintiff-appellee.

---

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.

Before HILL, Circuit Judge, SMITH **, Judge, and HENDERSON, Circuit Judge.

JAMES C. HILL, Circuit Judge:

Appellants Arturo Lopez and Edelberto Lopez were convicted of importing a controlled substance, in violation of 21 U.S.C. § 952(a), 960(a)(1) and 18 U.S.C. § 2, and possessing a controlled substance with intent to distribute it in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Appellants seek reversal of their convictions on the ground that there was not sufficient evidence to support the convictions. We find no merit in this contention and therefore affirm.

At about 9 a. m. on November 17, 1979 a Customs patrol aircraft observed two vessels 25 miles off the coast due east of Key Biscayne, Florida heading towards the shore. The aircraft radioed a Customs Patrol boat, which was patrolling in the Biscayne Channel, and directed it to head toward the two vessels. As the Customs boat approached the two vessels one of them turned off in a different direction. The Customs officers hailed the remaining vessel, which was then one and one-half miles west/southwest of Soldier Key, in Biscayne Bay.

Appellants were the only persons on board the boat. The Customs officers determined that Arturro Lopez was acting as master of the boat while Edelberto Lopez was acting as his crew. When one of the officers asked appellants where they were coming from, Edelberto Lopez responded, "we have been out fishing." The officer then boarded the vessel and began conducting a customs search. When the officer unscrewed a hatch cover he noticed a strong smell of marijuana emanating from the compartment below. When he looked into the compartment he noticed a number of bales which was later determined to be 509 pounds of marijuana with a wholesale value of $150,000. An inventory of the vessel revealed that there were no fish aboard the boat, nor any fishing rods or reels. There was no refrigeration equipment other than a styrofoam cooler with some water inside it. There were a number of fishing spools, and a tackle box with tackle. There were also outrigger extensions that could be used as trawling equipment, but which were lying unused in the boat.

Bona Gutierrez, the owner of the boat, testified that she had loaned the boat to appellants the month before they were arrested, and that at the time that she loaned it the boat was empty.

A jury trial resulted in appellants' conviction. The sole issue presented in this appeal is whether there was sufficient evidence to support the convictions.

■ In determining whether the district court erred in failing to grant appellants' motions for judgment of acquittal, we must inquire "whether the jury might reasonably conclude that the evidence, viewed in the light most favorable to the prosecution, is inconsistent with every reasonable hypothesis of the accused's innocence." *United States v. Fredericks*, 586 F.2d 470, 474 (5th Cir.), *cert. denied*, 440 U.S. 962, 99 S.Ct. 1507, 59 L.Ed.2d 776 (1978), quoted in *United States v. Black*, 644 F.2d 445, 447 (5th Cir. 1981). All reasonable inferences which tend to support the Government's case must be accepted. *United States v. Burns*, 597 F.2d 939, 941 (5th Cir. 1979). When this standard is applied to the present case we find that the evidence is sufficient to support appellants' convictions.

Appellants argue that the evidence is not sufficient to show anything other than that they were merely present on the boat. Appellants contend that there is inadequate evidence that they had knowledge that the marijuana was on the boat, and that they were taking part in its importations with the intent to distribute it. A review of the evidence shows this contention to be without merit.

** Hon. Edward S. Smith, Judge for the U. S. Court of Claims, Washington, D. C., sitting by designation.

The government presented evidence that the month prior to their arrest appellants had been loaned the boat in which they were arrested, and that at the time the boat was loaned it was empty. The government also presented evidence that on the morning of their arrest appellants were observed coming from outside the territorial waters of the United States into United States waters. When appellants' boat was stopped appellants were the only persons on board. The evidence presented by the government further indicated that Edelberto Lopez's statement to the Custom's officers that appellants had been out fishing was not substantiated by the inventory of the boat. Finally, the government presented evidence that 509 pounds of marijuana valued at $150,000 were found on the boat.

We feel that from this evidence the jury could find beyond a reasonable doubt that the appellants were not merely present, but that they did knowingly and intentionally import the marijuana into the United States, and that appellants knowingly and intentionally possessed the marijuana with intent to distribute it.

In light of the given evidence, we find that appellants have suggested no reasonable hypothesis of innocence which the jury was obligated to accept. We are not persuaded of the reasonableness of appellants' hypothesis that some unknown party may have somehow put the 509 pounds of marijuana in the boat without the knowledge of the defendants, and that this unknown party planned to later retrieve the marijuana without the appellants' knowledge, or that the party simply decided to abandon the marijuana, in spite of its $150,000 value.

Because the evidence was sufficient to support the convictions of appellants the decision of the district court is

AFFIRMED.